Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KHAN, et al.,

    *Plaintiffs*,

v.

CITY OF PATERSON, et al.,

    *Defendants*.

Civil Action No. 17-5006

**OPINION**

**John Michael Vazquez, U.S.D.J.**

    This case primarily concerns alleged religious discrimination by members of the Paterson Board of Adjustment. Plaintiffs Aheya Khan, Montaha Deeb, and Alaur Khondokar (collectively, "Plaintiffs") allege that Defendants City of Paterson (the "City") and City of Paterson Board of Adjustment (the "Board") are responsible for the harassment and removal of Plaintiffs from the Board based on Plaintiffs' Islamic faith and respective ethnicities. D.E. 15. Currently pending before the Court is Defendants' motion to dismiss Counts Four and Eight of Plaintiffs' Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). D.E. 20. The Court reviewed the submissions in support and in opposition of this motion,[1] and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Defendants' motion to dismiss is granted.

---

[1] Defendants' brief in support of their motion to dismiss will be referred to as "Def. Br.," D.E. 20-1; Plaintiffs' brief in opposition will be referred to as "Pl. Opp'n," D.E. 21; Defendants' reply will be referred to as "Def. Reply," D.E. 25.

## I. BACKGROUND[2] & PROCEDURAL HISTORY

The relevant pleading is Plaintiffs' Amended Complaint, D.E. 15 ("Am. Compl."). The Court included an extensive factual background in its Prior Opinion, D.E. 13 ("Prior Op.") at 2-7, which the Court incorporates by reference here. In the Prior Opinion, the Court granted in part and denied in part Defendants' motion to dismiss Plaintiffs' Complaint. In its Prior Opinion, the Court dismissed Plaintiffs' Patriot Act claim with prejudice. *Id.* at 10. The Court dismissed Plaintiffs' freedom of association, procedural due process, and freedom of speech claims without prejudice. *Id.* at 13. The Court then found that Plaintiffs plausibly pled the remaining counts (which were all state law claims). *Id.* at 21-25. The claims that the Court previously found to be plausibly pled are therefore not in dispute in this pending motion to dismiss. Def. Br. at 1 n.1.

Plaintiffs did not replead their procedural due process claim; therefore, it too is not in dispute in this pending motion. Def. Br. at 2, n.2. Further, although the Court dismissed Plaintiffs' freedom of speech claim without prejudice because of a failure to demonstrate a policy or custom sufficient for *Monell* municipal liability, Prior Op. at 12-13, the Court did find that Plaintiffs likely otherwise plausibly pled a freedom of speech claim, *id.* at 17-21. Therefore, the substantive portion of Plaintiff's freedom of speech claim (Count Eight) is also not disputed in this pending motion. As such, the only claims at issue in this pending motion are (1) Plaintiffs' freedom of association (Count Four) and freedom of speech (Count Eight) claims as to *Monell* liability; and (2) Plaintiff's freedom of association claim (Count Four), substantively. Plaintiffs did not include any new substantive factual allegations in their Amended Complaint, D.E. 15. Instead, Plaintiffs included several conclusory allegations regarding Defendants' "custom," "practice," and "policy"

---

[2] When reviewing a motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

to discriminate, harass, and fail to investigate grievances. Am. Compl. ¶¶ 17-18, 51-54, 94-95, 137, 142, 182, 240.[3]

## II. LEGAL STANDARD

Rule 12(b)(6) permits a motion to dismiss for "failure to state a claim upon which relief can be granted[.]" For a complaint to survive dismissal under the rule, it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016).

In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). A court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210. Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

---

[3] In the Prior Opinion, the Court noted that "Plaintiffs do not allege even a conclusory claim of policy or custom, much less the necessary plausible facts to properly allege a policy or custom," Prior Op. at 12-13.

3

## III. ANALYSIS

Before analyzing claims at issue, the Court addresses one preliminary matter. In their Amended Complaint, Plaintiffs add the City of Paterson Board of Adjustment as a Defendant. Am. Compl. ¶ 5.[4] However, as argued by Defendants, inclusion of the Board alongside the City creates an arm of the municipality issue. Def. Br. at 9-10.

Arm of the Municipality

Administrative arms of a municipality and the municipality itself are treated as a single entity for purposes of § 1983. *Hernandez v. Borough of Palisades Park Police Dep't*, 58 F. App'x 909, 912 (3d Cir. 2003). Therefore, administrative arms of a municipality cannot be sued alongside the municipality. *Id.* The same applies for suits brought under New Jersey law. *See Castoran v. Pollak*, No. 14-2531, 2017 WL 4805202, at *7 (D.N.J. Oct. 25, 2017) ("Because the Department is not an entity separate from the municipality, it cannot be sued in conjunction with the municipality, *irrespective of the nature of the plaintiff's claims*.") (internal quotations and citations omitted); *see also Gaines v. Gloucester City Police Dep't*, No. 08-3879, 2010 WL 760511, at *8 (D.N.J. Mar. 3, 2010) (dismissing all claims against the municipal police department as an arm of the defendant municipality, including state law claims such as excessive force, negligent supervision, and false imprisonment).

Plaintiffs contend that the Board is not an arm of the City as they are two separate entities evidenced by the fact that the City has sued the Board in years past. Pl. Opp'n at 9. Plaintiffs fail to cite any legal support for this position. Defendants argue that the Board is not a separate entity

---

[4] The Prior Opinion noted that "[t]he parties provide no analysis regarding the legal status of the Board vis-à-vis the City or the Council, nor any analysis about how this may impact Plaintiffs' claims" and that "[t]he parties analyze the City, Board, and Council together although the Council is not a named Defendant" therefore "the Court assumes for the purposes of this motion that the City, Board, and Council are part of a single municipal entity." Prior Op. at 10 n.5.

4

and that both New Jersey law and a City ordinance establish this. Def. Br. at 9-10. Defendants first point to New Jersey's Municipal Land Use Law, which expressly includes in its definition of "municipal agency" a "municipal planning board or board of adjustment." Def. Br. at 9 (citing N.J.S.A. 40:55D-5). Defendants next cite to the City's Zoning and Land Development Ordinance, which the City Council passed to create the Board and define its powers within the greater municipal scheme. Def. Br. at 9-10 (citing City of Paterson, N.J., Municipal Code § 483 (2016)). The Court agrees with Defendants that the Board is an arm of the City. Therefore it cannot be sued alongside the City for any of Plaintiffs' claims. *See Soundview Assocs. v. Town of Riverhead*, 725 F. Supp. 2d 320, 343 (E.D.N.Y. 2010) (dismissing the Town Board and Planning Department as arms of the municipality). The Court dismisses the Board from the federal claims with prejudice.

*Monell* Liability

Plaintiffs bring their Section 1983 freedom of association (Count Four) and freedom of speech (Count Eight) claims against the City, which is a municipality. Am. Compl. ¶¶ 180-84; 239-60. "A municipality may only be held liable under § 1983 if the plaintiff identifies a municipal 'policy' or 'custom' that was the 'moving force' behind the injury." *Jewell v. Ridley Twp.*, 497 F. App'x 182, 185 (3d Cir. 2012) (quoting *Monell*, 436 U.S. at 694). "In other words, the plaintiff must show that the municipality, through one of its policymakers, affirmatively proclaimed the policy, or acquiesced in the widespread custom, that caused the violation." *Noble v. City of Camden*, 112 F. Supp. 3d 208, 221 (D.N.J. 2015) (internal citation omitted). "A plaintiff may show the existence of a *policy* when a decision-maker with final authority issues an official proclamation, policy, or edict. . . . [A] *[c]ustom* may be established by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and

permanent as virtually to constitute law." *Id.* (emphases added) (internal quotations and citations omitted).

Additionally, a plaintiff must show that the unlawful policy or custom was the proximate cause of the plaintiff's injuries. The United States Supreme Court has observed the following as to proximate cause:

> As our § 1983 municipal liability jurisprudence illustrates, however, it is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.

*Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 404 (1997); *see also Watson v. Abington Twp.*, 478 F.3d 144, 156 (3d Cir. 2007); *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990).

As noted, the Court dismissed without prejudice Plaintiffs' Section 1983 claims in its Prior Opinion because "Plaintiffs d[id] not allege even a conclusory claim of policy or custom, much less the necessary plausible facts to properly allege a policy or custom." Prior Op. at 13. Defendants now argue that Plaintiff's Amended Complaint is "loaded with additional conclusory facts regarding alleged policies and customs," and "[a]stonishingly, however Plaintiffs' Amended Complaint still does not plead any additional plausible facts to properly allege such a policy or custom." Def. Br. at 11-12 (citing Am. Compl. ¶¶ 17-18, 51-53, 94-95, 137, 142, 182, 240). Plaintiffs respond that when they "complained to the City, through Ruben Gomez and the City Council, the City's 'official policy' was to ignore their complaints in spite of City anti-harassment policies," and then to "vote to abandon the investigation of discrimination," and then to "vote to wrongfully terminate the Plaintiffs from their position for their complaints of discrimination." Pl.

6

Opp'n at 14. Plaintiffs argue that "when other [Board] members had complaints they were fully investigated and a hearing took place in accordance with the City's bylaws." *Id.* at 13. Plaintiffs provided no examples supporting this statement. Plaintiffs allege that this is sufficient for a policy, custom, or pattern under *Monell* liability. *Id.* at 15.

The Court agrees with Defendants. Plaintiffs added several conclusory allegations in their Amended Complaint alleging unlawful polices, customs, and practices. *E.g.*, Am. Compl. ¶ 18 ("The Defendants' custom and practice is to permit discrimination and harassment based on the Muslim BOA member's association with a particular religion, ethnicity, or culture."); *id.* ¶ 51 ("[I]t was the custom and practice of the City to hide alleged wrongful conduct of various employees of the Defendants and non-Muslim [Board] members."); *id.* ¶ 52 ("It was also a custom and practice of the City to fail to investigate discrimination in accordance with their own by-laws when the complainant was Muslim."); *id.* ¶ 94 ("After a meeting had taken place, it was the custom and practice of the Defendants to clear the non-Muslim [Board] members of all charges and to not discipline the wrongdoers, but instead punish the Muslim [Board] members."); *see also* ¶¶ 17, 53, 95, 137, 182, 142, 240 (making similar conclusory allegations). All of these allegations are conclusory – they do not allege sufficient facts that plausibly plead a municipal policy or custom. *See Purvis v. City of Newark*, No. 16-1830, 2017 WL 1032991, at *3 (D.N.J. Mar. 16, 2017) ("Because threadbare recitations of the elements of a *Monell* claim are insufficient, this claim is dismissed as it is not plausibly pled."). The Court dismisses Plaintiffs' Section 1983 claims against the City (Counts Four and Eight) for failing to plausibly plead *Monell* liability.[5]

---

[5] Because the Court finds that Plaintiffs have failed to establish *Monell* liability, the Court does not conduct a substantive analysis of Plaintiffs' freedom of association claim (Count Four).

7

Typically, district courts will deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). Here, the Court finds that further amendment would be futile because the Prior Opinion clearly set forth the deficiencies in Plaintiffs' *Monell* liability argument and Plaintiffs' Amended Complaint does not, in any substantive manner, address those deficiencies. As a result, the Court infers that Plaintiffs are unable to address those deficiencies in a properly-pled amended complaint such that a further attempted amendment would be futile. Therefore, the Court dismisses Plaintiffs' Section 1983 claims (Counts Four and Eight) with prejudice.

The dismissal of Plaintiffs' Section 1983 claims (Counts Four and Eight) leaves no remaining federal cause of action in this matter.[6] Having concluded that all federal causes of action must be dismissed, the Court no longer has federal question jurisdiction over the matter. *See* 28 U.S.C. § 1331. The Court declines to exercise supplemental jurisdiction over the remaining claims grounded in state law. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction ... [once] the district court has dismissed all claims over which it has original jurisdiction"). The Third Circuit has explained that "once all federal claims have been dropped from a case, the case simply does not belong in federal court." *New Rock Asset Partners, L.P. v. Preferred Entity Advancements*, 101 F.3d 1492, 1504 (3d Cir.1996). Upon consideration

---

[6] Plaintiffs' remaining claims in their Amended Complaint are a violation of New Jersey Law Against Discrimination ("NJLAD") based on religion (Count One); a violation of NJLAD based on ethnicity (Count Two); a violation of NJLAD based on a hostile work environment (Count Three); a violation of NJLAD based on retaliation against Deeb (Count Five); a violation of NJLAD based on retaliation against Khan (Count Six); and a violation of NJLAD based on retaliation against Deeb, Khan, and Khondokar (Count Seven). Am. Compl. ¶¶ 143-260. The Court noted in its Prior Opinion that "if Plaintiffs are unable to successfully replead their Section 1983 claims, then this Court will not have jurisdiction over Plaintiffs' NJLAD claims." Prior Op. at 25 n.13.

8

of concerns of judicial economy, convenience, fairness, and comity, *Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988), the Court finds that the remainder of this case properly belongs in state court. The Court dismisses the action accordingly.

### IV. CONCLUSION

Defendants' motion to dismiss, D.E. 20, is granted. The Board is dismissed from the federal claims with prejudice. Counts Four and Eight, Plaintiffs' only remaining federal claims, are dismissed with prejudice. Having dismissed all federal claims with prejudice, the Court declines exercising supplemental jurisdiction over the remaining state law claims and dismisses the action. An appropriate Order accompanies this Opinion.

Dated: April 9, 2019

John Michael Vazquez, U.S.D.J.